CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 14 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 5:04CR30019 |
| | ) | |
| v. | ) | |
| | ) | |
| EUGENE LOUIS GRADY, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Defendant Eugene Louis Grady filed an emergency motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced to from 120 months to 62 months which will result in his immediate release, to be followed by four years of supervised release. ECF No. 287. The government does not contest that Grady is eligible for consideration of a reduction in his sentence to 62 months and agrees that he is entitled to immediate release to be followed by four years of supervised release. ECF No. 291. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Grady's request and modify his sentence to 62 months, but not less than time served, to be followed by a four-year term of supervised release.

I.

On October 25, 2004, pursuant to a written plea agreement, Grady pleaded guilty to one count of conspiring to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He faced a statutory minimum sentence of 120 months. ECF Nos. 110 and 113. The accountable drug weight was 240 grams of cocaine base. His guideline range, based on a base offense level of 34 for the drug weight, a total offense level of 33, and

a criminal history category of III, was 168 to 210 months. ECF No. 289. On February 7, 2005 Grady was sentenced to 120 months imprisonment and a 5-year term of supervised release. ECF No. 138. Grady's current release date is September 5, 2020. ECF No. 287.[1]

At the time Grady was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was enacted on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by

---

[1] Grady has not finished serving the 120-month federal sentence because he first served a Virginia state court sentence.

2

section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Grady. Because the indicted drug quantity was 50 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2005, Grady would have faced a maximum term of 40 years rather than life imprisonment. In turn, that maximum sentence would have resulted in an offense level of 27 rather than 33. With a criminal history category of III, the corresponding advisory range for offense level 27 is 87 to 108 months of imprisonment. In addition, his mandatory minimum sentence would have been 60 months rather than 120 months.

Had Grady been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 62 months, followed by a 4-year term of supervised release. A sentence of 62 months represents a 28.6% reduction from the low end of the sentencing range of 87-108 months. Such a reduction corresponds to his current sentence of 120 months, which represents a 28.6% reduction from the low end of the 168-210 month sentencing range. Thus, the parties agree that an appropriate sentence for Grady under the First Step Act would be 62 months, followed by a 4-year term of supervised release. Because Grady has served approximately 86 months, the parties agree that his sentence should be modified to time served.[2] Grady has not previously moved for a reduced sentence pursuant to the First Step

---

[2] In a reply Grady filed on February 13, 2019, he asserted his belief that he should receive "banked time" for the time he spent in custody over the 62-month modified sentence. ECF No. 292. However, in an effort to expedite a decision on the motion to reduce his sentence,

3

Act of 2018 and has not previously had his sentence reduced as if the Fair Sentencing Act of 2010 applied in his case.

### III.

The court will **GRANT** Grady's emergency motion to reduce his sentence, ECF No. 287, and modify his sentence to a total period of 62 months, but not less than time served, to be followed by a four-year term of supervised release. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order and amended judgment will be entered.

Entered: 02-14-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

---

he makes clear that he is not pursuing that argument and asks the court to not delay in issuing a ruling that he is entitled to immediate release.